IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD E. CLARK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )    No. |
|     v. | ) |
| | ) |
| **GREATER PENNSYLVANIA** | ) |
| **CARPENTERS' PENSION FUND and** | ) |
| **JAMES R. KLEIN,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

### The Parties

1.  Plaintiff Harold E. Clark ("Clark") is an adult individual who, at all relevant times, has resided at 2707 Albert Street Ext., New Castle, Pennsylvania, 16105-1710.

2.  Defendant Great Pennsylvania Carpenters' Pension Fund ("Fund") is an employee benefit plan covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. s. 1002(2) & 3, and is established and maintained by the Greater Pennsylvania Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America ("Union"), which constitutes an employee organization within the meaning of ERISA, 29 U.S.C. s. 1002(4). The Fund has its principal place of business at 650 Ridge Road – Suite 300, Pittsburgh, Pennsylvania, 15205-9511.

3.  Defendant James R. Klein ("Klein") is the Administrator of the Fund and is named in that capacity. At all relevant times, Klein acted within the purpose and scope of his role as Administrator for the Fund, and the Fund ratified and approved his acts. Klein maintains his

PI-3212540 v2

principal place of business at 650 Ridge Road – Suite 300, Pittsburgh, Pennsylvania, 15205-9511.

### Jurisdiction and Venue

4.  Because Clark's claims herein "relate to" an "employee benefit plan," *i.e.,* the Fund, as defined by ERISA, this Court's jurisdiction is invoked pursuant to 28 U.S.C. s.1337 and 29 U.S.C. s. 1132(e).

5.  Venue is proper within the Western District of Pennsylvania pursuant to 29 U.S.C. s.1132(e)(2) because the acts complained of have occurred within this district.

### Facts

6.  At relevant times prior to June 2008, Clark was an employee of a contributing employer or employers to the Fund and, as such, automatically participated in and was enrolled in the Fund during those times when he was covered by a collective bargaining agreement between his employer(s) and the Union ("covered employment").  Clark is a participant and/or beneficiary within the meaning of ERISA.

7.  Clark retired from covered employment in or about June 2008, prior to the age of 65.

8.  Upon his retirement from covered employment, Clark became eligible for early retirement pension benefits from the Fund, which benefits the Fund promptly began paying Clark monthly.  The monthly pension payment was approximately $1300.

9.  By letter dated July 9, 2009, and addressed to Clark, Klein, on behalf of the Fund, advised Clark that his "monthly benefit is suspended effective immediately," because it "has

been reported to us that you have returned to work for George Junior Republic Reform [sic]." Klein further explained that the Fund stated that a "payment to a retiree prior to age 65 shall be suspended during any period in which the participant returns to active employment in an industry which is subject to a collective bargaining agreement with the [Union] or returns to active service with an employer who has an agreement. That means that if you return to work in any job, union or non-union, in the construction industry anywhere after you begin receiving pension benefits, your benefits must be suspended."

10.     At the time, Clark was employed by George Junior Republic ("GJR") as its Facility Manager, which employment continues to this day.

11.     GJR is a private, non-profit residential treatment facility for delinquent and dependent boys aged from eight to eighteen. It has a campus in Grove City, Pennsylvania, which is where Clark works. GJR offers residential living facilities for its youth, fully accredited educational programs, a wide variety of therapeutic activities, and continuing care.

12.     GJR does not have a collective bargaining agreement with the Union.

13.     GJR is not in the construction industry.

14.     Upon information and belief, GJR is not in an industry which is subject to a collective bargaining agreement with the Union and, at no time has the Fund or Klein demonstrated to Clark that entity in the same industry as GJR is subject to a collective bargaining agreement with the Union.

15. The July 9 letter from Klein to Clark advised that Clark could appeal the decision to suspend his pension benefits consistent with Article XI of the Fund's Agreement and Declaration of Trust ("Agreement").

16. Article XI of the Agreement states that Clark could appeal the decision to deny him benefits within 90 days.

17. By letter dated October 5, 2009, to Klein, Clark, through counsel, timely submitted his appeal of the Fund's decision to deny him pension benefits. In his appeal, Clark argued that his employment with GJR was not work in the construction industry and that he did not hold a job in a construction trade or craft. Clark asked that his pension payments be reinstated immediately and that he be forwarded all payments which had been withheld.

18. By letter dated November 5, 2009, Klein, on behalf of the Fund, denied Clark's appeal.

19. The November 5 letter purports to deny Clark's appeal on the "rule" set forth in Article VIII, Section 4 of the Agreement, which per the letter states that the monthly pension payment to employees retired prior to age 65, like Clark, "shall be suspended during any period in which the Participant: (i) returns to active employment in an industry which is subject to a collective bargaining agreement with the [Union], or (ii) returns to active service with an Employer hereunder." Klein, on behalf of the Fund, asserted that Clark's position with GJR was "employment in the construction industry," even though GJR itself is not subject to a collective bargaining agreement with the Union and at no time did the Fund offer any evidence that GJR was in an industry subject to a collective bargaining agreement with the Union.

20. The November 5 letter stated that Clark could appeal the denial to the Fund's Trustees within 60 days of receipt.

21. By letter dated December 31, 2009, to Klein, Clark, through counsel, timely appealed the November 5 denial of benefits.

22. A meeting of the Fund's Pension Plan Appeals & Enforcement Committee was held on March 17, 2010, at Fund headquarters, for the purpose of reviewing Clark's appeal, which meeting Clark was invited to, and did attend, and at which meeting he presented argument and evidence.

23. By letter dated May 6, 2010, from Klein on behalf of the Fund, the Fund finally denied Clark's appeal on the same grounds as its previous denial.

24. The May 6 letter specifically provided that the "Fund does not provide for any additional levels of appeal . . . . [Y]ou have a right to bring an action against the Pension Fund under Section 502(a) of ERISA." Clark has exhausted the administrative remedies provided by the Fund.

25. The Fund has continued to suspend pension benefit payments to Clark.

**Count I (Denial of Benefits Under Section 1132(a)(1)(B) Against Fund and Klein)**

26. Clark incorporates the allegations in paragraphs 1-25 as though set forth in full in this cause of action.

27. The Fund agreed to provide Clark with pension benefits upon his retirement.

28.     After initially paying Clark those pension benefits upon his retirement, the Defendants ceased paying those benefits on or about July 9, 2009, and have not paid those benefits since.

29.     Clark is and was entitled to receive pension benefit payments from the Fund.

30.     The denial of benefits to Clark constitutes a breach of the Defendants' obligation, under applicable employee benefit plan documents, to pay Clark pension benefits.

31.     Defendants have arbitrarily and capriciously breached their obligations to provide Clark pension benefit payments, the requirements for payment of which Clark has satisfied.

32.     Defendants erroneously denied Clark his pension benefits based on an improper construction of the word industry, which is inconsistent with the meaning of the term under s. 203(a)(3)(B) of ERISA and the suspension of benefits regulation 29 C.F.R. s. 2530.203-3(c)(2), and which regulation Defendants relied on in denying Clark's appeals and which regulation is incorporated, both implicitly and explicitly, into the Agreement. The regulations provide that an employee's benefits may be suspended for the period when the employee is employed "in the same industry, the same trade or craft, and the same geographic area covered by the plan, as when such benefits commenced."  Whether an employee is employed in the same industry is determined with respect to the business activities of the employer, not the duties of the employee and the business activities of GJR are not within the construction industry.  Therefore Clark is not employed in the same industry as set forth by the Agreement and, by extension, Section 203(a)(3)(B) of ERISA and 29 C.F.R. s. 2530.203-3(c)(2), and he was thus wrongly denied his pension benefits.

33.    As a direct and proximate result of the aforementioned conduct of Defendants in wrongfully failing to pay pension benefits to Clark as required by applicable Fund documents, Clark has been damaged in an amount equal to the amount of benefits to which he would have been entitled to receive from the Fund.

34.    As a direct and proximate result of the aforementioned conduct of Defendants in wrongfully failing to pay pension benefits to Clark as required by applicable Fund documents, Clark has suffered, and will continue to suffer in the future, damages, under the applicable plan documents of the Fund.

35.    Clark seeks reimbursement and compensation for any and all benefits he would have received from the Fund as a result of Defendants' failure to provide pension benefit payments, as well as continued payments from the Fund to which he is entitled, as well as prejudgment interest at the appropriate rate.

## **Prayer for Relief**

WHEREFORE, Clark prays for judgment as follows:

(a)    For a declaration that Defendants wrongly suspended payment of Clark's pension benefits and that such payments should begin to be made immediately;

(b)    For benefits payable by the Fund to reimburse Clark for pension benefit payments that he has been entitled to receive;

(c)    For an award of prejudgment interest;

(d)    For an award of reasonable attorney's fees pursuant to 29 U.S.C. s.1132(g)(1).

(e) For costs incurred;

(f) For an injunction to issue against Defendants as prayed above; and

(g) For such other and further relief as this Court deems appropriate.

**JURY TRIAL DEMANDED**

<u>/s/ Michael A. Pavlick</u>
Michael A. Pavlick
PA I.D. No. 60914
michael.pavlick@klgates.com
Kaitlin C. Dewberry
PA I.D. No. 313616
kate.dewberry@klgates.com

K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222-2613
(412) 355-6500

Dated: July 1, 2013